1  GRAHAM**HOLLIS** APC
   Graham S.P. Hollis (SBN 120577)
2  ghollis@grahamhollis.com
   Vilmarie Cordero (SBN 268860)
3  vcordero@grahamhollis.com
   Nicole R. Roysdon (SBN 262237)
4  nroysdon@grahamhollis.com
   3555 Fifth Avenue, Suite 200
5  San Diego, California 92103
   Telephone: 619.692.0800
6  Facsimile: 619.692.0822

7  Attorneys for Plaintiff Joseph Osegueda and
   Aggrieved Employees

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11 JOSEPH OSEGUEDA, individually and on    Case No.:    2:18-cv-00835-WBS-EFB
   behalf of all similarly situated and/or aggrieved
12 employees of Defendants in the State of
   California,                              **FIRST AMENDED CLASS ACTION** [Cal. Code
13                                          Civ. Proc. § 382]; **REPRESENTATIVE ACTION
                  Plaintiff,               FOR PAGA PENALTIES** [Labor Code §§ 2698,
14                                          *et seq.*]; and **COLLECTIVE ACTION** [29 U.S.C.
        v.                                  § 216(b)] **COMPLAINT**
15
   NORTHERN CALIFORNIA INALLIANCE;         1.  Failure to Pay Minimum and Regular
16 and DOES 1 THROUGH 50, inclusive,            Wages;
                                           2.  Failure to Pay All Overtime Wages;
17                Defendants.              3.  Failure to Indemnify Necessary Business
                                               Expenses;
18                                         4.  Failure to Provide Accurate Itemized Wage
                                               Statements
19                                         5.  Failure to Timely Pay All Wages Due Upon
                                               Separation of Employment;
20                                         6.  Violation of Business & Professions Code
                                               §17200, *et seq.*
21                                         7.  Violation of the Private Attorneys General
                                               Act of 2004, Labor Code §§ 2698, *et seq.*
22                                         8.  Violation of the Fair Labor Standards Act
                                               ("FLSA") (29 U.S.C. §§ 207, 211(c),
23                                             216(b))
24
                                              **– JURY TRIAL DEMANDED –**
25

26

27

28

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1

JOSEPH OSEGUEDA, individually and on behalf of all other similarly situated and/or aggrieved employees of NORTHERN CALIFORNIA INALLIANCE, and DOES 1 through 50, inclusive, alleges as follows:

## I.   <u>INTRODUCTION</u>

1.     Plaintiff JOSEPH OSEGUEDA ("Plaintiff") brings this individual and putative class action against Defendant NORTHERN CALIFORNIA INALLIANCE ("Defendant"), and DOES 1 through 50, inclusive, for engaging in a pattern of wage and hour violations under the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Orders; on information and belief, IWC Wage Order No. 15.

2.     Plaintiff brings this action on behalf of all current and former employees who were employed by Defendant in the State of California in the position of Independent Living Facilitator ("ILF") during the applicable relevant time period (hereinafter "similarly situated employees").

3.     Plaintiff also brings this representative action pursuant to the Private Attorneys General Act of 2004, California Labor Code § 2698, *et seq.* ("PAGA") against Defendant, and DOES 1 through 50, inclusive, for engaging in a pattern of wage and hour violations under the California Labor Code and the applicable IWC Wage Order. Plaintiff brings this action on behalf of all other current and former employees of Defendant in the State of California in the position of Independent Living Facilitator ("ILF") (hereinafter "aggrieved employees").

4.     Plaintiff brings this action as a Collective Action pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*, for violations of 29 U.S.C. §§ 207 and 211(c), and seeks unpaid compensation for all hours worked, liquidated damages, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

5.     Plaintiff is informed and believes, and on that basis alleges, that Defendant decreased its employment-related costs by systematically violating California wage and hour laws and engaging in unlawful and unfair business practices.

6.     Defendant's systematic pattern of Labor Code and IWC Wage Order violations toward Plaintiff and other similarly situated and/or aggrieved employees in California include, but are not limited to:

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

a.   Failure to pay all minimum and regular wages for all hours worked;

b.   Failure to pay all overtime wages;

c.   Failure to provide required days of rest;

d.   Failure to indemnify employees for necessary business expenses;

e.   Failure to maintain accurate records;

f.   Failure to provide accurate itemized wage statements; and

g.   Failure to timely pay all wages due during and upon separation of employment.

7.    Plaintiff brings this lawsuit against Defendant seeking restitution, declaratory judgment, injunctive relief, and monetary relief on behalf of himself and all other similarly situated and/or aggrieved employees of Defendant in California.  Plaintiff seeks to recover, *inter alia*, unpaid wages, unreimbursed expenses, interest, attorney's fees, damages, liquidated damages, penalties, and costs pursuant to Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 223, 225.5, 226, 226.3, 551, 552, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 1454, 2802, California Business and Professions Code § 17200, *et seq.*, and the provisions of the applicable IWC Wage Order.  Further, Plaintiff brings this lawsuit seeking restitution and monetary relief against Defendant on behalf of himself individually and on behalf of all similarly situated employees to recover unpaid wages, penalties, liquidated damages, and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

8.    Plaintiff reserves the right to name additional representatives.

## II.    PARTIES

### A.    Plaintiff

9.    Plaintiff is a former employee of Defendant, who, at all relevant times, was employed as an Independent Living Facilitator and worked for Defendant in Sacramento County and Yolo County.

10.   Plaintiff is a resident of the State of California and currently resides in Sacramento County.

11.   Plaintiff is an "aggrieved employee" within the meaning of Labor Code § 2699(c) because he was employed by Defendant and suffered one or more of the Labor Code violations committed by Defendant.

12.   At all relevant times, Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees of Defendant in California were subject to the same policies, practices, and

FIRST AMENDED CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

procedures governing their employment and their payment of wages and hours worked.

**B.    Defendant**

13.    Defendant NORTHERN CALIFORNIA INALLIANCE is a nonprofit corporation located in Sacramento, California.  Its service area includes Sacramento, Sutter, El Dorado, Colusa, Placer, Nevada, Yolo, and Yuba counties.  It provides supported living services, independent living services, community training, job training-work crews, supported employment, community job placement, and transportation, to adults with developmental disabilities, also known as participants.  These services enable participants to obtain employment, vocational training, the ability to live independently in their own home, community integration and inclusion, a personal support system, and volunteer positions.

14.    Defendant NORTHERN CALIFORNIA INALLIANCE is a non-profit corporation that is incorporated under the laws of the State of California, and has its principal place of business in Sacramento, California.  Defendant NORTHERN CALIFORNIA INALLIANCE is doing business in the State of California, including the County of Sacramento.

15.    Defendant's wrongful conduct, as alleged herein, occurred in the County of Sacramento and in other counties in the State of California.

16.    Plaintiff is informed and believes, and thereon alleges, that each Defendant is, and at all relevant times was, authorized to do business and did business in the State of California, and was Plaintiff's and other similarly situated and/or aggrieved employees' "employer" as defined in and subject to the California Labor Code and Industrial Welfare Commission Wage Orders.

17.    Plaintiff is also informed and believes, and thereon alleges, that Defendant was Plaintiff's employer as defined in, and subject to, the FLSA.

18.    Each of the fictitiously named Defendants participated in the acts alleged in this Complaint. The true names and capacities of the Defendants named as DOES 1 through 50, inclusive, are presently unknown to Plaintiff.  Plaintiff will amend this Complaint, setting forth the true names and capacities of the fictitious Defendants, if and when their true names and capacities are ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitious Defendants participated in the acts alleged in this Complaint.

///

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

FIRST AMENDED CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

19.     Plaintiff and all other similarly situated and/or aggrieved employees are, and at all relevant times were, employees of each Defendant, including DOES 1 through 50, within the meanings set forth in the California Labor Code and applicable Industrial Welfare Commission Wage Order.

20.     Plaintiff is informed and believes that at all relevant times, each Defendant, whether named or fictitious, was the agent, employee or other person acting on behalf of every other Defendant, and, in participating in the acts alleged in this Complaint, acted within the scope of such agency or employment and ratified the acts of each other Defendant.

21.     Plaintiff is informed and believes that at all relevant times, each Defendant, whether named or fictitious, exercised control over Plaintiff's and other similarly situated and/or aggrieved employees' wages, hours and/or working conditions.

22.     Plaintiff is further informed and believes that at all relevant times, each Defendant, whether named or fictitious, acted as the agent for the other Defendants, carried out a joint scheme, business plan or policy, and the acts of each Defendant are legally attributable to the other Defendants.

23.     Each Defendant, whether named or fictitious, was the alter ego of each of the other Defendants at all relevant times herein.

24.     A unity of interest and ownership between each Defendant, whether named or fictitious, exists such that all Defendants acted as a single employer of Plaintiff and all other similarly situated and/or aggrieved employees.

25.      Defendants, including DOES 1 through 50, were Plaintiff's employers or persons acting on behalf of Plaintiff's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code and, as such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

26.     Defendants, including DOES 1 through 50, were Plaintiff's employers or persons acting on behalf of Plaintiff's employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties for each underpaid employee.

///

### III.    JURISDICTION AND VENUE

27.    This Court has subject-matter jurisdiction to hear this case because it presents a federal question, 28 U.S.C. § 1331, and Plaintiff's claims arise under the Fair Labor Standards Act, 28 U.S.C. § 201.

28.    Venue is proper in the Eastern District as the district and division embracing the places where the action is pending.  Defendant maintains offices and transacts substantial business in Sacramento County, Defendant employed Plaintiff and other similarly situated and/or aggrieved employees in Sacramento County, and the unlawful acts alleged herein that arose in Sacramento County have a direct effect on Plaintiff and other similarly situated and/or aggrieved employees within Sacramento County.

### IV.    GENERAL ALLEGATIONS

29.    Plaintiff JOSEPH OSEGUEDA is a former employee of Defendant who worked as an Independent Living Facilitator ("ILF") in Sacramento and Davis from June 10, 2017 to September 11, 2017.  As an ILF, Plaintiff worked with two or more participants.  His duties included, but were not limited to, supervising the participant, helping him in and out of bed, bathing him, brushing his teeth, assisting with bowel and bladder care, dressing him, bringing him to doctor's appointments, dispensing medication, grocery shopping, preparing and cooking meals, doing laundry, doing dishes for the participant and his roommate, tidying and cleaning the entire apartment, mopping, vacuuming, emptying the trash, checking mail, and providing companionship.  Defendant classified Plaintiff as a personal attendant and compensated him on an hourly basis at all relevant times.

30.    As an ILF, Plaintiff earned $10.50 per hour for night hours, or time when the participant was asleep, $12.00 for awake hours, or time when the participant was awake, and $13.75 for premium hours.  Plaintiff typically worked no less than 60 hours a week. Plaintiff was typically scheduled to work Monday through Friday from 3 p.m. to 10 p.m., and one weekend shift of 24 hours.  At one point during his employment, Plaintiff worked 21 days straight without a day off.

31.    Defendant denied Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees' certain rights afforded to them under the California Labor Code, the Industrial Welfare Commission Wage Orders, and the FLSA.  Specifically, Defendant did not properly compensate Plaintiff and other similarly situated and/or aggrieved employees for all hours worked, failed to provide

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

required days of rest, failed to maintain accurate records, failed to provide accurate itemized wage statements, failed to reimburse for all necessary expenses, and failed to pay all wages due and owing by the times set forth by law.

32.    Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees regularly worked more than nine hours a day and/or more than forty hours a week.

33.    Defendant failed to properly pay Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees at least minimum, regular and overtime wages owed for all time suffered or permitted to work, in violation of the Labor Code and the FLSA's overtime provisions.  For example, Defendant contacted Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees via text message with updates about their work schedules and duties while they were off-duty but did not pay them for this time.  In addition, Defendant had a policy that when Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees, worked a shift of 24 hours or more, they were not compensated for all of their "sleep time."  Despite the fact that all time spent performing these duties was compensable work hours because Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees were subject to the control of their employer during this working time, and Defendant was required to compensate Plaintiff and other similarly situated and/or aggrieved employees accordingly, Defendant did not count all of this time as hours worked and did not provide proper remuneration.

34.    Defendant also failed to properly pay Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees for all of their overtime hours because it failed to properly factor in their multiple rates of pay into the regular rate of pay for purposes of paying overtime.

35.    Defendant also failed to provide Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees with the required days rest because it did not provide them with one day of rest out of seven.

36.    Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees of Defendant incurred expenses in direct consequence of the discharge of their duties of employment with Defendant, but Defendant failed to adequately reimburse them for such expenses.  For example, Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees

FIRST AMENDED CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

were required to use their personal cell phones to communicate with supervisors about their work schedules and duties. Despite Defendant's knowledge that Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees were using their personal cell phones for work related purposes, Defendant failed to provide appropriate reimbursement for these expenses, in violation of Labor Code § 2802.

37. As a direct consequence of Defendant's illegal policies, Defendant did not keep accurate records of the actual hours that Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees were under the control of Defendant, including, but not limited to, time suffered and permitted to work while reviewing and responding to work-related text messages and "sleep time" when working 24+ hour shifts, as well as all wages earned. On information and belief, Defendant failed to keep accurate records of Plaintiff's and other similarly situated and/or aggrieved employees' hours worked when Defendant failed to record the proper beginning and ending of each work period, in addition to the total hours worked during the pay period, among others.

38. Defendant similarly failed to provide Plaintiff and, upon information and belief, other similarly situated and/or aggrieved employees with accurate itemized wage statements. For example, during the applicable statutory period, Defendant failed to furnish Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees with itemized wage statements correctly identifying, among other things, the total regular and overtime hours worked during the pay period, as well as the corresponding gross and net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate. Defendant also failed to provide Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees with accurate itemized wage statements because the wage statements did not reflect the correct overtime rate due to Defendant's failure to include all rates of pay in the regular rate of pay. On information and belief, the wage statement omissions and inaccuracies were not a result of an isolated and unintentional payroll error due to an inadvertent mistake, but rather a result of knowing and intentional omissions by Defendant. In addition, and as a result of these omissions and inaccuracies, Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees were not promptly and easily able to determine the correct hours worked and/or determine the accurate wages due and owing without reference to other documents and information.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

39.    To this date, Defendant has not paid Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees all wages owed, including all minimum, regular and overtime wages.

40.    Defendant failed to pay Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees of Defendant all wages due during their employment because Defendant did not pay Plaintiff and other similarly situated and/or aggrieved employees all minimum, regular, and overtime wages owed within the time required by Labor Code § 204.

41.    Defendant similarly maintained a pattern and practice of failing to pay Plaintiff and other similarly situated and/or aggrieved employees all wages due and owing at the time of their separation of employment within the time specified by Labor Code §§ 201 and 202 because Defendant failed to pay Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees all wages due and owing at the time of termination of their employment.  Defendant also required Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees to wait until the regular pay date for their final wages, rather than paying the wages by the time periods designated by Labor Code §§ 201 and 202.

42.    Based on the foregoing violations of the Labor Code and IWC Wage Order, Defendant engaged in unfair business practices in California and willingly and knowingly engaged in an employment pattern and practice that violated Business & Professions Code § 17200 *et seq*. Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees suffered damages due to Defendant's unfair, unlawful and/or fraudulent actions.

## V.    THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT ("PAGA") REPRESENTATIVE ACTION DESIGNATION

43.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

44.    The Causes of Action alleged herein are appropriately suited for a Labor Code Private Attorneys General Act of 2004 ("PAGA") action because:

a.    Pursuant to California Labor Code  § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of the

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

California Labor Code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and all other current or former employees pursuant to the procedures specified in § 2699;

b.      This action involves allegations of violations of provisions of the California Labor Code that provide or do not provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies or employees;

c.      Plaintiff is an "aggrieved employee" because he was employed by the alleged violators and had one or more of the alleged violations committed against him;

d.      On December 8, 2017, Plaintiff satisfied the procedural requirements of § 2699.3 by serving the LWDA electronically and Defendant NORTHERN CALIFORNIA INALLIANCE via Certified Mail with his notice for wage and hour violations and penalties, including the facts and theories to support each violation.  A true and correct copy of Plaintiff's notice and proof of service is attached as **Exhibit A**.

e.      More than 65 days have passed since Plaintiff served notice via Certified Mail to the LWDA and his employer. Therefore, Plaintiff satisfied all the administrative requirements to pursue civil penalties against Defendant pursuant to Labor Code § 2698, *et seq.*

f.      Plaintiff filed this action pursuant to Labor Code § 2699(a) and (f), on behalf of himself and all other aggrieved employees of Defendant to recover civil penalties, including unpaid wages, which are to be paid to the affected employees pursuant to Labor Code §§ 558 and 1197.1.

g.      Defendant was Plaintiff's employer or person acting on behalf of Plaintiff's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code and, as such, is subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

h.      Defendant was Plaintiff's employer or person acting on behalf of Plaintiff's employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, is subject to civil penalties for each underpaid employee, as well as liquidated damages pursuant to Labor Code § 1194.2, and any applicable penalties

imposed pursuant to Labor Code § 203.

i.     Plaintiff seeks to recover all applicable civil penalties under PAGA on behalf of himself and all other aggrieved employees of Defendant in California including, but not limited to, all unpaid and/or underpaid wages pursuant to Labor Code §§ 558 and 1197.1, in accordance with *Reynolds v. Bement*, 36 Cal.4th 1075, 1089 (2005), and *Thurman v. Bayshore Transit Management, Inc.*, 203 Cal. App. 4th 1112 (2012).

## VI.     CLASS ACTION DESIGNATION

45.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

46.     Plaintiff brings Causes of Action One through Six as a Class Action pursuant to California Code of Civil Procedure § 382 on behalf of himself and all current and former employees of Defendant in the position of Independent Living Facilitator who were affected by Defendant's Labor Code, Business and Professions Code, and IWC Wage Order violations, as alleged herein.

47.     Plaintiff seeks to represent the following Class, which is defined as:

**The Independent Living Facilitator Class**:

"All current and former employees who worked for Defendant in the State of California in the position of Independent Living Facilitator ("ILF") at any time from February 22, 2014 through the present."

48.     Plaintiff also seeks to represent the following Subclass, which is defined as:

**The Waiting Time Penalties Subclass:**

"All members of the Independent Living Facilitator Class, whose employment with Defendant ended at any time from February 22, 2015 through the present."

49.     **Reservation of Rights**: Pursuant to California Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or limitation to particular issues.

50.     Causes of Action One through Six are appropriately suited for a class action pursuant to § 382 of the Code of Civil Procedure because the following requirements are met:

FIRST AMENDED CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

**A.      Numerosity**

51.      The members of the Class and Subclass are sufficiently numerous to render the joinder of all their members impracticable.  While Plaintiff has not yet determined the precise number of members of the Class and Subclass, Plaintiff is informed and believes that the Class and Subclass likely consist of over 50 individuals.  Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendant's time and payroll records and other personnel records.

**B.      Commonality and Predominance**

52.      Common questions of law and fact exist as to all class members and predominate over any questions affecting only individual members of the Class or Subclass.  The common questions of law and fact that predominate include, but are not limited to:

        a.      Whether Defendant failed to pay Independent Living Facilitator Class members at least minimum wages and/or all regular wages owed for all hours or fractions of an hour worked and under the control of Defendant;

        b.      Whether Defendant failed to pay Independent Living Facilitator Class members all overtime wages for all hours, or fraction of hours, worked and under the control of Defendant;

        c.      Whether Defendant failed to indemnify Independent Living Facilitator Class members for necessary business expenses incurred in direct consequence of the discharge of their duties;

        d.      Whether Defendant failed to properly and accurately record and maintain records of all hours worked and wages earned by Independent Living Facilitator Class members;

        e.      Whether Defendant failed to provide Independent Living Facilitator Class members with accurate itemized wage statements showing, among other things, the correct number of hours worked and the correct amount of gross and net wages earned; and

        f.      Whether Defendant failed to pay Waiting Time Penalties Subclass members all of their wages owed within the required time frames upon separation of employment.

///

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

**C.** **Typicality**

53.   Plaintiff's claims are typical of the claims of all class members because Plaintiff and all class members' claims arise from the same event, practice and/or course of conduct of Defendant.  Plaintiff and all class members sustained injuries and damages as a result of Defendant's illegal policies, practices and/or common course of conduct in violation of California wage and hour laws and/or illegal, unfair, or fraudulent business practices.

54.   Furthermore, Plaintiff's claims under the Labor Code and the applicable IWC Wage Order are typical of the Class and Subclass because Defendant's failure to comply with the provisions of California's wage and hour laws entitles Plaintiff and each class member to similar pay, benefits, and other relief.  Accordingly, the legal theories underlying each cause of action are the same and the remedies sought by Plaintiff and all class members are the same.

**D.** **Adequacy of Representation**

55.   Plaintiff has no fundamental conflict of interest with the Class or Subclass he seeks to represent.  Plaintiff will adequately protect the interests of all class members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and putative class members.

56.   Plaintiff retained attorneys who are experienced employment law litigators with significant wage and hour and class action experience.

**E.** **Superiority of Class Action**

57.   Plaintiff believes a class action is a superior method of litigation for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is not practicable.  Class action treatment will allow similarly situated employees to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

58.   Plaintiff knows of no difficulty that might be encountered in the management of this suit, which would preclude maintenance as a class action.

**VII.**   **FAIR LABOR STANDARDS ACT COLLECTIVE ACTION DESIGNATION**

59.   Plaintiff brings his Eighth cause of action on a collective basis pursuant to the Fair Labor Standards Act. For this claim, Plaintiff seeks to represent all other current and former employees of

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

FIRST AMENDED CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

Northern California Inalliance who were employed in the position of Independent Living Facilitator ("ILF") in the State of California at any time from and after February 22, 2015, and who were not paid in accordance with 29 U.S.C. § 207.

60.    Pursuant to 29 U.S.C. § 256(a), Plaintiff's written consent is attached hereto as **Exhibit B** and filed concurrently herewith. Therefore, the Collective Action shall be considered to be commenced as to Plaintiff from the date of the filing of this Complaint.

61.    Defendant violated 29 U.S.C. § 207 by willfully failing to pay Plaintiff and ILF's for work performed in excess of forty (40) hours per week.

62.    Defendant also violated 29 U.S.C. § 211(c) by failing to keep accurate records. At all relevant times, Defendant did not make, keep, preserve, or furnish accurate records of the actual total hours worked by such employees and pay rates owed to such employees as required for non-exempt employees because Plaintiff and other ILF's regularly worked more than forty (40) hours per week but were not paid for all of their hours worked and were not paid at the proper overtime rate because their regular rate of pay did not factor in their multiple rates of pay.

63.    Plaintiff is similarly situated with members of the Collective Action because:

a.    Plaintiff and members of the Collective Action were employed by Defendant in the same or similar job positions;

b.    Plaintiff and members of the Collective Action were subject to the same policies and procedures of Defendant;

c.    Plaintiff and members of the Collective Action were not compensated for all hours they worked, as required by the FLSA;

d.    Defendant knowingly and willfully violated provisions of the FLSA by not paying Plaintiff and members of the Collective Action all wages that they were owed; and

e.    As a result of the Defendant's policies and practices of withholding compensation for all hours worked, including overtime compensation, Plaintiff and members of the Collective Action have been similarly damaged in that they have not received all of their earned wages to date.

///

FIRST AMENDED CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

64.     This action is maintainable as an "opt-in" Collective Action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, liquidated damages, and attorney's fees and costs under the FLSA.

65.     Defendant willfully violated the FLSA overtime wage and recording regulations by failing to pay Plaintiff and other members of the Collective Action all overtime wages earned and owed for all hours worked in excess of forty in one workweek and by failing to maintain accurate records.

66.     All members of the Collective Action during the relevant time period (the period of time beginning three years prior to the filing of this Complaint) should be given notice and be allowed to give their consent to "opt-in" to the Collective Action pursuant to 29 U.S.C. § 216(b).

## VIII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM AND REGULAR WAGES

(Violation of Labor Code §§ 1194, 1197, and 1198 and

the "Minimum Wages" section of the Applicable IWC Wage Order)

(Alleged By Plaintiff Individually and On Behalf of the

Independent Living Facilitator Class Against Defendant)

67.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

68.     Labor Code § 1197 provides, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum wage so fixed is unlawful."

69.     The "Minimum Wages" section of the applicable IWC Wage Order provides that an employer may not pay employees less than the applicable minimum for all hours worked.

70.     The applicable IWC Wage Order defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

71.     Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

fixed by the order or under conditions of labor prohibited by the order is unlawful."

72.    Defendant failed to pay Plaintiff and, on information and belief, Independent Living Facilitator Class members at least minimum wages for all the time spent working and under the control of Defendant.  For example, Plaintiff, and on information and belief, Independent Living Facilitator Class members were not compensated for the time that they spent reviewing and responding to their supervisor's work-related text messages or for their "sleep time" when they were working 24+ hour shifts.

73.    Labor Code § 1194 provides, in part, that any employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

74.    Labor Code § 1194.2 allows an employee to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon for any action under Labor Code § 1194.

75.    Plaintiff and the Independent Living Facilitator Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendant's unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

76.    Plaintiff seeks all available remedies for Defendant's violations including, but not limited to, any and all wages due, monies, interest, liquidated damages, attorney's fees, and costs to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

(Violation of Labor Code §§ 1194 and 1454)

(Alleged By Plaintiff Individually and On Behalf of the

Independent Living Facilitator Class Against Defendant)

77.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

78.    Labor Code § 1454 "[a] domestic work employee who is a personal attendant shall not be employed more than nine hours in any workday or more than 45 hours in any workweek unless the

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

FIRST AMENDED CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

employee receives one and one-half times the employee's regular rate of pay for all hours worked over nine hours in any workday and for all hours worked more than 45 hours in the workweek."

79.    Labor Code § 1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

80.    The applicable IWC Wage Order defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

81.    In California, overtime is computed based on the regular rate of pay.  The regular rate of pay includes all different types of remuneration, including hourly earnings, salary, piecework earnings, commissions, and non-discretionary bonuses, and the value of meals and lodging.

82.    Plaintiff and, on information and belief, the Independent Living Facilitator Class regularly worked over nine hours per day and 40 hours per week while employed by Defendant.  Plaintiff and, on information and belief, the Independent Living Facilitator Class did not receive all overtime compensation owed for all overtime hours worked over nine hours per day and/or 40 hours per week during their employment with Defendant.

83.    Defendant failed to pay Plaintiff and, on information and belief, Independent Living Facilitator Class members at the proper overtime rate for all the time spent working and under the control of Defendant.  For example, Plaintiff and, on information and belief, Independent Living Facilitator Class members were not compensated for the time that they spent reviewing and responding to their supervisor's work-related text messages or for their "sleep time" when they were working 24+ hour shifts.  Defendant also failed to incorporate Plaintiff's and Independent Living Facilitator Class members' multiple rates of pay into the regular rate of pay for purposes of paying overtime.

84.    Plaintiff and the Independent Living Facilitator Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendant's unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

FIRST AMENDED CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

85.    Plaintiff seeks all available remedies for Defendant's violations including, but not limited to any and all wages due, monies, interest, attorney's fees, and costs to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

### THIRD CAUSE OF ACTION

### FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES

(Violation of Labor Code § 2802)

(Alleged By Plaintiff Individually and On Behalf of the

Independent Living Facilitator Class Against Defendant)

86.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

87.    Labor Code § 2802 requires an employer to indemnify its employees for all necessary expenditures or losses incurred by an employee in direct consequence of the discharge of his or her duties of employment.

88.    Labor Code § 2802(b) states, "[a]ll awards made by a court … for reimbursement of necessary expenditures" shall carry interest, at the same rate as judgments in civil actions, and said interest will accrue from the date on which the employee incurred the necessary expenditure including, but not limited to, reasonable costs and attorney's fees incurred by the employee in enforcing their rights granted pursuant to Labor Code § 2802.  The exact amount of the necessary expenditures or losses is in an amount to be proven at time of trial.

89.    Furthermore, Labor Code § 2802(c) states, "[f]or the purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

90.    Plaintiff and, on information and belief, members of the Independent Living Facilitator Class incurred business expenses in direct consequence of their job duties through the use of their personal cell phones.  On information and belief, Plaintiff and the Independent Living Facilitator Class were required to use their personal cell phone in the performance of their work duties to communicate with supervisors regarding their work schedules and duties.  Despite Defendant's knowledge that Plaintiff and members of the Independent Living Facilitator Class were using their personal cell phones for work related

FIRST AMENDED CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

Graham**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

purposes, Defendant failed to provide appropriate reimbursement for these expenses, in violation of Labor Code § 2802.

91. As a direct result of Defendant's violations alleged herein, Plaintiff and members of the Independent Living Facilitator Class suffered and continue to suffer, substantial losses related to Defendant's failure to indemnify them for the expenses and losses, including the use and enjoyment of such monies, lost interest on such monies and expenses, and attorney's fees and costs in seeking to compel Defendant to fully perform its obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

92. Plaintiff seeks to recover in a civil action to the fullest extent permissible all available remedies including but not limited to the unpaid balance of the indemnification from Defendant's violations, interest thereon permitted by Labor Code § 2802(b), reasonable attorney's fees and costs of suit, declaratory relief, and any other permitted remedies including those permitted pursuant to Labor Code § 2802 and Code of Civil Procedure § 1021.5. The exact amount of reimbursements, interest, costs and attorney's fees will be in an amount to be proved at time of trial.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Violation of Labor Code § 226)

(Alleged By Plaintiff Individually and On Behalf of the

Independent Living Facilitator Class Against Defendant)

93. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

94. Labor Code § 226(a) requires that employers, including Defendant, furnish their employees with each wage payment an accurate and itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the portion of his or her social security number, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

FIRST AMENDED CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

95. Labor Code § 226(e), in part, permits employees suffering injury to collect the greater of all actual damages or the amount specified in Labor Code § 226 per violation.

96. Labor Code § 226(e)(2)(B) states, in pertinent part, "an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."

97. Labor Code § 226(h) states, "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

98. Defendant knowingly and intentionally failed to provide Plaintiff and Independent Living Facilitator Class members an accurate itemized wage statement with each wage payment as required by Labor Code § 226(a). Defendant knowingly and intentionally failed to provide Plaintiff and members of the Independent Living Facilitator Class with each wage payment an accurate wage statement showing, among other things, the total regular and overtime hours worked during the pay period, as well as the corresponding gross and net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate. Defendant further knowingly and intentionally failed to provide Plaintiff and members of the Independent Living Facilitator Class with wage statements that reflected the correct overtime rate due to Defendant's failure to include all rates of pay in the regular rate of pay.

99. Defendant's failure to provide accurate wage statements deprived Plaintiff and members of the Independent Living Facilitator Class of the ability to promptly and easily understand and question the calculation and rate of pay and hours used to calculate the wages paid by Defendant. Plaintiff and members of the Independent Living Facilitator Class, therefore, had no way to dispute any error in the payment or calculation of their wages, all of which resulted in an unjustified economic enrichment to Defendant, and Plaintiff and members of the Independent Living Facilitator Class suffered actual damages as a result.

///

100.    Defendant's failure to provide accurate itemized wage statements constitutes an injury as defined under Labor Code § 226(e)(2)(B). Therefore, Plaintiff and members of the Independent Living Facilitator Class have suffered an injury for purposes of Labor Code § 226 and are entitled to recover the greater of all actual damages or the amount specified in § 226 per violation.

101.    Plaintiff and Independent Living Facilitator Class members suffered and continue to suffer injuries, losses and actual damages as a direct result of Defendant's Labor Code violations, including lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendant to fully perform its obligations, in an amount to be shown according to proof at trial.

102.    Plaintiff seeks to recover all available remedies including, but not limited to damages, penalties, attorney's fees, costs, and injunctive relief to the fullest extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## FIFTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

(Violations of Labor Code §§ 201, 202, 203)

(Alleged By Plaintiff Individually and On Behalf of the

Waiting Time Penalties Subclass Against Defendant)

103.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

104.    Labor Code § 201 requires Defendant to immediately pay any wages, without abatement or reduction, to any employee who is discharged.  Labor Code § 202 requires Defendant to pay any and all wages due and owing to an employee not having a written contract for a definite period, who quits his or her employment, within 72 hours of the employee quitting his or her employment, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

105.    For violation of Labor Code §§ 201 and 202, Labor Code § 203 causes the unpaid wages of an employee to continue as a penalty from the due date thereof, at the same rate until paid or until an action is commenced, but the wages shall not continue for more than 30 days.

///

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

106.    As a result of Defendant's conduct during the applicable statutory period, Defendant willfully failed to pay Plaintiff and, on information and belief, the Waiting Time Penalties Subclass all wages due and owing to them, including minimum wages, overtime wages, and regular wages for all the time they were suffered or permitted to work or were engaged in work under Defendant's control, within the time required by Labor Code §§ 201 and 202, as applicable.

107.    Defendant also failed to pay Plaintiff and Independent Living Facilitator Class members all of their wages due at termination because Defendant required them to wait until the regular pay date for their final wages, rather than paying the wages by the time periods designated by Labor Code §§ 201 and 202, as applicable.

108.    To date, Plaintiff has not yet received all wages due and payable, including but not limited to, minimum wages, overtime wages, and regular wages owing to him.  On information and belief, members of the Waiting Time Penalties Subclass have not yet received all minimum wages, overtime wages, and regular wages due and owing to them.

109.    As a direct result of Defendant's violations alleged herein, Plaintiff and the Waiting Time Penalties Subclass members suffered and continue to suffer losses related to the use and enjoyment of wages due and owing to them, all to their respective damage in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

110.    Plaintiff seeks all available remedies for Defendant's violations to the fullest extent permissible.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SIXTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*

(Alleged By Plaintiff Individually and On Behalf of the

Independent Living Facilitator Class Against Defendant)

111.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

112.    California Business & Professions Code § 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice..."

FIRST AMENDED CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

113.     Defendant's Labor Code and IWC Wage Order violations alleged herein constitute "unlawful, unfair or fraudulent business act or practices," which are prohibited by Business and Professions Code §§ 17200-17208 and include, but are not limited to: (i) failure to pay Plaintiff and the Independent Living Facilitator Class all regular, minimum, and overtime wages for all hours suffered or permitted to work and under the control of Defendant; (ii) failure to provide Plaintiff and the Independent Living Facilitator Class the required days of rest; (iii) failure to indemnify Plaintiff and the Independent Living Facilitator Class for necessary business expenses incurred in direct consequence of the discharge of their duties and under the direction of Defendant; (iv) failure to maintain accurate records of the hours that Plaintiff and the Independent Living Facilitator Class worked while employed by Defendant; (v) failure to provide Plaintiff and the Independent Living Facilitator Class with accurate itemized wage statements; and (vi) failure to timely pay Plaintiff and members of the Waiting Time Penalties Subclass all wages owed upon separation of their employment with Defendant.

114.     Defendant intentionally avoided paying Plaintiff and the Independent Living Facilitator Class all wages and/or monies, and other financial obligations attached thereto, to create for Defendant an artificially lower cost of doing business, and thus, undercut its competitors.

115.     Defendant lowered its costs of doing business by paying Plaintiff and the Independent Living Facilitator Class an amount less than what is required by the California Labor Code and the applicable Wage Order of the Industrial Welfare Commission, thereby unfairly forcing Plaintiff and other similarly situated employees to perform work without fair compensation and benefits.

116.     Defendant held itself out to Plaintiff and the Independent Living Facilitator Class as being knowledgeable about, and adhering to, the employment laws of California at all times relevant herein. Plaintiff and the Independent Living Facilitator Class relied on and believed in Defendant's representation concerning Defendant's adherence to the California laws, all to their detriment.

117.     Defendant's scheme to lower its payroll and operation costs and thus profit, by withholding money owed to the class and withholding wages, compensation and benefits, which are all the property of Plaintiff and the Independent Living Facilitator Class, in violation of the California Labor Code and the IWC Wage Orders, as alleged herein, constitutes an "unlawful, unfair or fraudulent business act or practice," under California Business and Professions Code § 17200, *et seq.* As a result of Defendant's

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

unfair competition, Plaintiff and the Independent Living Facilitator Class suffered injury in fact by losing money and/or property.

118. Business and Professions Code § 17204, states, in relevant part, "[a]ctions for relief pursuant to this chapter shall be prosecuted…by…a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."

119. Defendant acquired money and property owed to Plaintiff and the Independent Living Facilitator Class by means of an unlawful practice that constitutes unfair competition as defined by Business and Professions Code § 17200, *et seq*.

120. Plaintiff and the Independent Living Facilitator Class are persons in interest under Business and Professions Code § 17203 to whom money and property should be restored. Business and Professions Code § 17203 states, in relevant part, that "any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204."

121. Plaintiff is a person who suffered injury in fact and lost money, wages, compensation, and benefits, as a result of Defendant's unfair competition. Thus, pursuant to Business and Professions Code §§ 17203 and 17204, Plaintiff may pursue representative claims and relief on behalf of himself and the putative classes.

122. Pursuant to Business and Professions Code § 17203, "[t]he court may make such orders or judgments, as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

123. Defendant reaped unfair benefits and illegal profits at the expense of Plaintiff and the Independent Living Facilitator Class by committing the unlawful acts alleged herein. Thus, Defendant must make restitution and/or be subject to other equitable relief pursuant to Business & Professions Code § 17203, and restore all unpaid wages to Plaintiff and the Independent Living Facilitator Class.

124. Plaintiff and the Independent Living Facilitator Class suffered and continue to suffer loss of wages and monies, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

125. Plaintiff seeks all available remedies on behalf of himself and on behalf of the Independent Living Facilitator Class, including, but not limited to, restitution of all wages and all monies owed, all in

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

an amount to be shown according to proof at trial.  All such remedies are cumulative of relief available under other laws, pursuant to Business & Professions Code § 17205.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SEVENTH CAUSE OF ACTION

## PRIVATE ATTORNEYS GENERAL ACT OF 2004 CLAIM FOR CIVIL PENALTIES

(Violation of Labor Code §§ 2698 *et seq.*)

(Alleged By Plaintiff On Behalf of All Aggrieved Employees of Defendant Against Defendant)

126.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

127.    Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

128.    This cause of action involves allegations of violations of Labor Code §§ 201, 202, 204, 223, 226(a), 551, 552, 1174(d), 1197, 1198, 1454, and 2802 which, pursuant to Labor Code § 2699.5, provide for a civil penalty to be assessed and collected by the LWDA or recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code  § 2699.3.

129.    Defendant employed Plaintiff and Plaintiff had one or more of the alleged violations committed against him. Therefore, Plaintiff is an "aggrieved employee" under PAGA because the alleged violator employed him and he had one or more of the alleged violations committed against him. As such, Plaintiff is properly suited to represent the interests of other aggrieved employees in a PAGA Representative action.

130.    Plaintiff seeks to recover civil penalties, including underpaid wages pursuant to Labor Code §§ 558 and 1197.1, on behalf of himself and other aggrieved employees for Defendant's violations of the Labor Code, including but not limited to Defendant's violations of Labor Code §§ 201, 202, 204, 223, 226(a), 551, 552, 1174(d), 1197, 1198, 1454, and 2802.

FIRST AMENDED CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

131.    For all provisions of the Labor Code for which a civil penalty is not specifically provided, Labor Code § 2699(f) imposes upon Defendant, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

132.    Defendant violated Labor Code §§ 223, 1194, 1197, and 1198 by not paying Plaintiff and other aggrieved employees at least minimum and regular wages for all the time they were suffered or permitted to work, engaged in work and/or under Defendant's control, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendant is subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 223, 1194, and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

133.    Defendant violated Labor Code §§ 223, 1194, and 1454 by not paying Plaintiff and other aggrieved employees all overtime wages earned for all the time they were suffered or permitted to work, engaged in work and/or under Defendant's control, as alleged herein. At all relevant times, Plaintiff and, on information and belief, other aggrieved employees were not paid all overtime when they worked in excess of nine hours a workday or forty hours in a workweek. Thus, under Labor Code § 2699(f)(2), Defendant is subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 223, 1194, and 1454, and $200 for each aggrieved employee per pay period for each subsequent violation.

134.    Under Labor Code § 225.5, Defendant, in addition to, and entirely independent and apart from, any other penalty, is subject to a civil penalty for unlawfully withholding wages due Plaintiff and other aggrieved employees in violation of Labor Code § 223 as follows: (1) For an initial violation, one hundred dollars ($100.00) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200.00) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.  This amount shall be recovered on behalf of the Labor Commissioner.

135.    Defendant violated Labor Code §§ 201 and 202 by not paying Plaintiff and aggrieved employees all minimum, regular, and overtime wages owed by the time set forth by law upon their separation of employment, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendant is subject

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 201 and 202 and $200 for each aggrieved employee per pay period for each subsequent violation.

136.   Defendant violated Labor Code § 204 by not paying Plaintiff and aggrieved employees all minimum, regular, and overtime wages owed by the time set forth by law during their employment, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendant is subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code § 204 and $200 for each aggrieved employee per pay period for each subsequent violation.

137.   Under Labor Code § 210(a), Defendant, in addition to, and entirely independent and apart from any other penalty, is subject to a civil penalty for failing to pay the wages of each aggrieved employee as provided in Labor Code § 204, as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each aggrieved employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each aggrieved employee, plus 25 percent of the amount unlawfully withheld.  This amount shall be recovered on behalf of the Labor Commissioner.

138.   Defendant violated Labor Code §§ 226(a) and 1174(d) by failing to maintain records detailing the start and end times of work shifts, and knowingly and intentionally failing to maintain and provide Plaintiff and other aggrieved employees of Defendant with wage statements itemizing accurately all information required by Labor Code § 226(a), as alleged herein, including the total hours worked, all regular hours worked, all overtime hours worked, the applicable hourly rate per hour worked, and the total wages earned. Thus, under Labor Code § 2699(f)(2), Defendant is subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code § 226(a), and $200 for each aggrieved employee per pay period for each subsequent violation.

139.   Alternatively, Labor Code § 226.3 provides for a civil penalty in the amount of $250 per violation in an initial citation and $1,000 for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of § 226.

140.   Labor Code § 1174.5 provides for a civil penalty of $500 for any person employing labor who willfully fails to maintain accurate and complete records required by subdivision (d) of § 1174.

FIRST AMENDED CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

141.    Defendant violated Labor Code § 2802 by failing to reimburse Plaintiff and all aggrieved employees for necessary expenses that they incurred in the discharge of their duties of employment. Thus, under Labor Code § 2699(f)(2), Defendant is subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of this section, and $200 for each aggrieved employee per pay period for each subsequent violation.

142.    Defendant is and was Plaintiff's and aggrieved employees' employers or other person(s) acting either individually or as an officer, agent, or employee of another person(s), who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the Commission, and, as such, is subject to civil penalties for each underpaid employee pursuant to Labor Code § 1197.1.

143.    Labor Code § 1197.1 imposes upon Defendant for each initial violation of Labor Code § 1197 by paying or causing an employee to be paid less than the minimum wage, a civil penalty of $100.00 for each underpaid employee for each pay period for which the employee is underpaid. Furthermore, Labor Code § 1197.1 imposes upon Defendant for each subsequent violation a civil penalty of $250.00 for each underpaid employee for each pay period for which the employee was underpaid.  The civil penalty recoverable under Labor Code § 1197.1 is in addition to an amount sufficient to recover the underpaid wages, as well as liquidated damages pursuant to Labor Code § 1194.2, and any applicable penalties imposed pursuant to Labor Code § 203, which shall be paid directly to each affected employee.

144.    Defendant is and was Plaintiff's and other aggrieved employees' employers, or persons acting on their behalf, within the meaning of Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the Labor Code and, as such, is subject to civil penalties for each underpaid employee as set forth in Labor Code § 558.

145.    Pursuant to Labor Code § 558, Defendant is subject to a civil penalty of $50.00 for an initial violation of Labor Code §§ 551 and 552 for each aggrieved employee, for each pay period for which the aggrieved employee was not provided with the required days of rest, as alleged herein.  Furthermore, Labor Code § 558 imposes upon Defendant for each subsequent violation of Labor Code §§ 551 and 552 a civil penalty of $100.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with the required days of rest, as alleged herein.  The civil penalty recoverable under Labor Code § 558 is in addition to an amount sufficient to recover the underpaid wages, which shall

1  be paid directly to each affected employee.

2      146.    Defendant violated Labor Code section 1198 when it failed to comply with the maximum

3  hours of work and the standard conditions of labor fixed by the IWC under the "Minimum Wages" Section

4  of the Applicable IWC Wage Order, by failing to pay all minimum wages, as alleged herein. Thus, under

5  Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of one hundred dollars ($100) for

6  each aggrieved employee per pay period for the initial violation of Labor Code section 1198 and two

7  hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation of Labor

8  Code section 1198.

9      147.    For bringing this action, Plaintiff is additionally entitled to attorney's fees and costs

10  incurred herein.

11      148.    Plaintiff seeks to recover civil penalties on behalf of himself and other aggrieved

12  employees for Defendant's violations of the Labor Code, including but not limited to Defendant's

13  violations of Labor Code §§ 201, 202, 204, 223, 226(a), 551, 552, 1174(d), 1197, 1198, 1454, and 2802,

14  pursuant to Labor Code § 2698, *et seq*. The exact amount of the applicable penalties is in an amount to be

15  shown according to proof at trial and within the jurisdictional limitations of this Court.

16      WHEREFORE, Plaintiff prays for relief as hereinafter requested.

17                    **EIGHTH CAUSE OF ACTION**

18        **VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")**

19                    (Violation of 29 U.S.C. §§ 207, 211(c))

20  (Alleged By Plaintiff Individually and On Behalf of All Similarly Situated Employees of Defendant

21                            Against Defendant)

22      149.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

23  paragraphs above, as though fully set forth herein.

24      150.    Plaintiff brings this individual and Collective Action for FLSA violations on behalf of

25  himself and members of the Collective Action pursuant to 29 U.S.C. § 201, *et seq.*

26      151.    Pursuant to 29 U.S.C. § 256(a), Plaintiff's written consent is attached hereto as **Exhibit B**

27  and filed concurrently herewith. Therefore, the Collective Action shall be considered to be commenced as

28  to Plaintiff from the date of the filing of this Complaint.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

152.    Plaintiff and other members of the Collective Action are covered by the FLSA because they work or worked a total of more than eight hours a week for Defendant.

153.    At all times relevant hereto, Defendant's employment of Plaintiff and members of the Collective Action was covered by the FLSA because "employment of persons in domestic service in households affects commerce."  29 U.S.C. § 202(a)(5).

154.     At all times relevant herein, 29 U.S.C. § 203(d) of the Fair Labor Standards Act defined employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

155.    At all times relevant herein, Defendant acted directly or indirectly in the interest of an employer in relation to Plaintiff and members of the Collective Action.

156.    Defendant willfully failed to pay Plaintiff and members of the Collective Action overtime compensation due under the FLSA in violation of 29 U.S.C. §§ 207(a) and (l) through its conduct alleged above, including by failing to properly compensate Plaintiff and members of the Collective Action for all time spent working under the direction and control of Defendant in excess of forty (40) hours per week.

157.    At all times relevant herein, Defendant failed to keep records required by the FLSA, in violation of 29 U.S.C. § 211(c), by failing to keep accurate records of the total hours worked by Plaintiff and Members of the Collective Action.

158.    As a result of Defendant's conduct, Plaintiff and members of the Collective Action have been damaged and are owed overtime compensation pursuant to 29 U.S.C. § 216(b), are entitled to liquidated damages under 29 U.S.C. § 216(b), are entitled to pre-judgment interest if liquidated damages are not awarded, and reasonable attorney's fees and costs of suit, pursuant to 29 U.S.C. § 216(b).

159.    Plaintiff requests relief as described below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

      a.      For general damages;

      b.      For special damages;

      c.      For an award of liquidated damages to the extent permissible by Labor Code § 1194.2 and 29 U.S.C. § 216(b);

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

d.    For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 218.5, 218.6, 226, 1194, 2698 *et seq.*, 2802, and 29 U.S.C. § 216(b);

e.    For civil and statutory penalties to the extent permitted by law, including those pursuant to the Labor Code, the Private Attorneys General Act, and the Orders of the Industrial Welfare Commission;

f.    For restitution as provided by Business and Professions Code § 17200, *et seq.*;

g.    For an order requiring Defendant to restore and disgorge all funds to each affected person acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code § 17200, *et seq.*;

h.    For an award of damages in the amount of unpaid compensation and monies including, but not limited to actual damages, unpaid wages, minimum wages, regular wages, overtime wages, waiting time penalties and other penalties according to proof, including interest thereon, to the extent permissible by law;

i.    For civil penalties for each initial and subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages pursuant to Labor Code §§ 558 and 1197.1;

j.    For injunctive relief as provided by the Labor Code including but not limited to Labor Code § 226(g) and Business and Professions Code § 17200, *et seq.*

k.    For indemnification of all losses incurred as a result of employment with Defendant, with interest;

l.    For pre- and post-judgement interest to the extent permitted by law including, but not limited to, Labor Code §§ 218.6 and 1194;

m.    For civil penalties pursuant to 29 U.S.C. § 216(e)(2);

n.    For a declaratory judgment that Defendant violated Labor Code §§ 201, 202, 204, 223, 226(a), 551, 552, 1174, 1197, 1198, 1454, and 2802, as well as the "Minimum

31

Wages" section of the Wage Order of the Industrial Welfare Commission; and

o.    An award of such other and further relief as this Court deems proper and just.

**<u>JURY TRIAL DEMAND</u>**

Plaintiff hereby demands a trial by jury on all Causes of Action to the extent authorized by law.

Dated: March 5, 2019                    GRAHAM**HOLLIS** APC


By:  */s/ Nicole R. Roysdon*
                                        GRAHAM S.P. HOLLIS
                                        VILMARIE CORDERO
                                        NICOLE R. ROYSDON
                                        Attorneys for Plaintiff

FIRST AMENDED CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT